UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JEKU CARTER,                                          )
                                                      )
                                                      )          **COMPLAINT**
                                    Plaintiffs,       )
                                                      )          **JURY TRIAL DEMANDED**
              -against-                               )
                                                      )
THE CITY OF NEW YORK; NYPD DETECTIVE  )
VINCENT FERRANTE, Shield No. 06560; NYPD  )
DETECTIVE "FNU" [First Name Unknown] JONES,)
Shield No. 00790; JOHN DOE # 1; JOHN DOES;  )
and RICHARD ROES,                                     )
                                                      )
                                    Defendants.       )
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983, by the

United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and

Constitution of the State of New York.  Plaintiff seeks damages, both compensatory and punitive,

affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further

relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its

Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is conferred

upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an

action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

### JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

### VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

### NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on April 19, 2019, within 90 days of the incident.  More than 30 days have elapsed since service of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

### PARTIES

7.      Plaintiff was at all times relevant herein a resident of the State of New York, New York County.  Plaintiff is African-American.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which act as its agent in the area of law enforcement, and for which it is ultimately responsible.  Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants POLICE DETECTIVE VINCENT FERRANTE; POLICE

DETECTIVE "FNU" [First Name Unknown] JONES; JOHN DOE # 1; and JOHN DOES are and

were at all times relevant herein duly appointed and acting officers, servants, employees and agents

of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a

municipal agency of defendant THE CITY OF NEW YORK.  Defendants are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and functions

as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting

for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW

YORK and the New York City Police Department, and were otherwise performing and engaging in

conduct incidental to the performance of their lawful functions in the course of their duties.

Defendants POLICE DETECTIVE VINCENT FERRANTE; POLICE DETECTIVE "FNU" [First

Name Unknown] JONES; JOHN DOE # 1; and JOHN DOES are sued individually.

10.     Defendants POLICE DETECTIVE VINCENT FERRANTE; POLICE

DETECTIVE "FNU" [First Name Unknown] JONES; JOHN DOE # 1; and RICHARD ROES are

and were at all times relevant herein duly appointed and acting supervisory officers, servants,

employees and agents of THE CITY OF NEW YORK and/or the New York City Police

Department, responsible for the training, retention, supervision, discipline and control of subordinate

members of the police department under their command.  Defendants are and were at all times

relevant herein acting under color of state law in the course and scope of their duties and functions

as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK,

were acting for, and on behalf of, and with the power and authority vested in them by THE CITY

OF NEW YORK and the New York City Police Department, and were otherwise performing and

engaging in conduct incidental to the performance of their lawful functions in the course of their

duties.  Defendants POLICE DETECTIVE VINCENT FERRANTE; POLICE DETECTIVE

"FNU" [First Name Unknown] JONES; JOHN DOE # 1; and RICHARD ROES are sued individually.

## STATEMENT OF FACTS

11.    At approximately 5:00 p.m. on February 1, 2019 Plaintiff was unlawfully pulled over in his automobile by three JOHN DOES male members of the NYPD - on information and belief Defendants FERRANTE, JONES, and JOHN DOE # 1 - at the intersection of Foch Boulevard and Long Street in Queens, NY.

12.    Defendant FERRANTE (and, on information and belief, Defendant JONES and JOHN DOE # 1 as well) were members of the NYPD tactical narcotics team – Queens.

13.    These members of the NYPD were driving an unmarked police car.

14.    A friend of Plaintiff's was riding in the front passenger seat.

15.    Plaintiff pulled over his car when signaled to do so by the JOHN DOES.

16.    Plaintiff asked the JOHN DOES why he had been pulled over.

17.    Plaintiff had not violated any law in the course of operating his automobile.

18.    One of the JOHN DOES told Plaintiff that his car had been flagged, and asked Plaintiff for his license, registration and insurance documents, and Plaintiff provided them.

19.    At some point the JOHN DOES also told Plaintiff, falsely, that he had failed to put on his turn signal.

20.    Plaintiff asked one of the JOHN DOEs if he had a warrant, and the JOHN DOE did not respond to that question.

21.    The JOHN DOE unlawfully told Plaintiff and his friend to get out of the car.

22.    Plaintiff and his friend got out of the car as directed.

23.    Plaintiff's friend then ran away.

4

24.     One of the JOHN DOES chased after Plaintiff's friend, but was unable to catch him, and returned to where Plaintiff was, out of breath from the chase.

25.     One of the JOHN DOES unlawfully patted Plaintiff down, and found approximately a half an ounce of marijuana in Plaintiff's pants pocket in a plastic ziploc bag.

26.     Plaintiff was then unlawfully handcuffed, and placed in a police van that had come to the scene.

27.     Plaintiff was unlawfully transported to the NYPD 113th Precinct, where he was held for approximately five hours.

28.     At the precinct Plaintiff was unlawfully subjected to strip search, and to a visual body cavity search, by one of the JOHN DOEs.

29.     Plaintiff was instructed to remove all of his clothing, lift his testicles, spread his buttocks, and cough, while the searching JOHN DOE visual inspected his naked body, including his anus and under his testicles.

30.     From the precinct Plaintiff was unlawfully transported without explanation by the JOHN DOES, again in handcuffs, to Queens General Hospital.

31.      Plaintiff had not requested medical treatment of any kind.

32.     At the hospital Plaintiff was unlawfully handcuffed to a bed for approximately two hours.

33.     Plaintiff was not seen by any of the hospital staff, except perhaps for having his vital signs monitored and being given a Tylenol for a headache he was experiencing.

34.     Plaintiff was then taken from the hospital by the JOHN DOES, to Queens Central Booking, where he was held for another approximately three hours.

35.     Plaintiff was brought before a judge to be arraigned.

36.     Plaintiff was unlawfully charged with violation of § 221.05 of the New York Penal Law, Unlawful Possession of Marijuana.

37.     Defendant FERRANTE is the deponent on the Criminal Court Complaint lodged against Plaintiff, and falsely states  in that document – under penalty of perjury – that he is informed by Defendant JONES, *inter alia*, that Defendant JONES observed Plaintiff hand a plastic bag of marijuana to the unapprehended man who had been sitting in his passenger seat in exchange for U.S. currency.

38.     These allegations are false.

39.     Plaintiff did not hand any marijuana, or anything else, to the passenger who had been in his car with him, and the passenger in his car did not hand U.S. currency, or anything else, to Plaintiff.

40.     All charges against Plaintiff were dismissed in their entirety at his arraignment.

41.     Plaintiff's money ($95) was taken from him by the JOHN DOES during the course of his arrest as arrest evidence, and has never been returned to him.

42.     Plaintiff's cell phone – an i-phone containing precious and irreplaceable photographs of his daughter and other personal memories, and short films and music lyrics that he was working on – was also taken from him by the JOHN DOES during the course of his arrest, and Plaintiff was provided with no property voucher for his cell phone and it has never been returned to him.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

43.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

6

44.     By their conduct and actions in stopping plaintiff, seizing plaintiff's person and his property, falsely arresting and imprisoning plaintiff, searching plaintiff (including subjecting plaintiff to a strip search and a body cavity search), abusing process against plaintiff, wrongfully prosecuting plaintiff, violating rights to due process of plaintiff (including fabricating evidence against plaintiff), assaulting and battering plaintiff, trespassing upon plaintiff, violating rights to equal protection of plaintiff, failing to intercede on behalf of the plaintiff and in failing to protect the plaintiff from the unjustified and unconstitutional treatment he received at the hands of other defendants, Defendants POLICE DETECTIVE VINCENT FERRANTE, POLICE DETECTIVE "FNU" [First Name Unknown] JONES, JOHN DOE # 1, and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

45.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

46.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

47.     By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

POLICE DETECTIVE VINCENT FERRANTE, POLICE DETECTIVE "FNU" [First Name

Unknown] JONES, JOHN DOE # 1, and RICHARD ROES caused damage and injury in violation

of plaintiff's rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including

its Fourth and Fourteenth amendments.

48.     As a result of the foregoing, plaintiff was deprived of his liberty and property,

experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was

otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

49.     The plaintiff incorporates by reference the allegations set forth in all previous

Paragraphs as if fully set forth herein.

50.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and fire department, and through the individual defendants had

de facto policies, practices, customs and usages which were a direct and proximate cause of the

unconstitutional conduct alleged herein.

51.     At all times material to this complaint, defendant THE CITY OF NEW YORK,

acting through its police department and fire department, and through the individual defendants, had

de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or

discipline employees and police officers, and of failing to inform the individual defendants'

supervisors of their need to train, screen, supervise or discipline said defendants.  These policies,

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct

alleged herein.

52.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the fabrication of false narrative concerning what members of narcotics teams had allegedly observed arrestees do that supposedly constituted a crime.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

53.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

54.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the use of unlawful strip searches and body cavity searches.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

55.     At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had de facto policies, practices, customs and/or usages of engaging in unconstitutional and overly aggressive stops, searches, arrests, and issuances of summonses, which are implemented disproportionately upon people of color.  Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

56.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

57.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

58.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

59.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

60.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

61.     By the actions described above, defendants caused plaintiff to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate

10

cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

62.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### ASSAULT AND BATTERY

63.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

64.     By the actions described above, defendants did inflict assault and battery upon the plaintiff.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

65.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTH CLAIM

### NEGLIGENCE

66.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

67.     The defendants, jointly and severally, negligently caused injuries and damage to the plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws

and Constitution of the State of New York.

68.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM

## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

69.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

70.     Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

71.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## NINTH CLAIM

## CONSTITUTIONAL TORT

72.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

73.     Defendants, acting under color of law, violated plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

74.     A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

75.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TENTH CLAIM

### TRESPASS

76.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

77.     The defendants willfully, wrongfully and unlawfully trespassed upon the property and person of plaintiff.

78.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## ELEVENTH CLAIM

### ABUSE OF PROCESS

79.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

80.     By the conduct and actions described above, defendants employed regularly issued process against plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm plaintiff without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to

plaintiff which was outside the legitimate ends of the process.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

81.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## TWELFTH CLAIM

## MALICIOUS PROSECUTION

82.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

83.     By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

84.     As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONVERSION / REPLEVIN

85.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

86.     Through their actions in causing a serious interference with, and/or in seriously

interfering with, plaintiff's right of possession in his property, and/or in exercising unauthorized possession and/or ownership over plaintiff's property, defendants wrongfully converted plaintiff's property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

87.    Plaintiff demands that his property be returned to him forthwith.

88.    As a result of the foregoing, plaintiff was deprived of his liberty and property, experienced injury, pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empaneling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorney's fees;

e. Such other and further relief as this court may deem appropriate and equitable.

Dated:       New York, New York
             April 28, 2020

                                      _____/S/_____
                                        JEFFREY A. ROTHMAN, Esq.
                                        305 Broadway, Suite 100
                                        New York, New York 10007
                                        (212) 227-2980

                                        Attorney for Plaintiff